# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***Sutton v. Cook County Officers Electoral Board*, 2012 IL App (1st) 122528**

---

| | |
|---|---|
| Appellate Court Caption | BEATRICE SUTTON, Plaintiff-Appellant, v. THE COOK COUNTY OFFICERS ELECTORAL BOARD, Sitting as the Duly Constituted Electoral Board to Hear and Pass Upon Objections to the Nomination Papers of Candidates for the Office of State Senator of the 27th Legislative District for the November 6, 2012 General Election, and Its Members DAVID ORR, by Daniel P. Madden, ANITA ALVAREZ, by Patrick Driscoll, DOROTHY BROWN, by Catherine Zaryczny, and DAVID ORR, in his capacity as Cook County Clerk, and DAVID R. PAGE, Defendants-Appellees. |
| District & No. | First District, Second Division<br>Docket No. 1-12-2528 |
| Filed | October 18, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A trial court's order proclaiming the candidate named by the Democratic party's nominating committee to be the party's candidate for state senator when no candidate sought nomination in the primary election was upheld, despite objections to the notice given for the committee's meeting, the proxy voting by a committee member, and the timeliness of the committee's "Statement of Organization." |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2012-COEL-000015; the Hon. Susan Fox-Gillis, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Odelson & Sterk, Ltd., of Evergreen Park (Burton S. Odelson and Matthew M. Welch, of counsel), for appellant. |
| | Law Office of Michael J. Kasper, of Chicago, (Michael J. Kasper, of counsel), for appellees. |
| Panel | JUSTICE QUINN delivered the judgment of the court, with opinion. Presiding Justice Harris and Justice Fitzgerald Smith concurred in the judgment and opinion. |

**OPINION**

¶ 1    By this court's order dated October 11, 2012, both the Cook County Officers Electoral Board's decision and the circuit court's order dated August 30, 2012, proclaiming Democrat, David R. Page's right to appear on the ballot in his bid for the 27th District[1] seat was affirmed. This ruling follows.

¶ 2    This case originated when a voter from the 27th District, Beatrice Sutton, filed a challenge to the 27th District's Democratic committee's nomination and candidacy of David R. Page as the Democratic candidate for the office of state senator from her district alleging that Page's nomination and candidacy occurred without compliance with various provisions of the Illinois Election Code (10 ILCS 5/8-1 to 8-17.1 (West 2010)), as well as other statutory and constitutional provisions. The Cook County Officers Electoral Board (Board), after a hearing where evidence and testimony were presented, issued a final decision dated August 24, 2012, overruling all objections made by Sutton to Page's candidacy. Sutton immediately filed a petition for judicial review of the Board's decision with the circuit court. On August 30, 2012, the circuit court affirmed the Board's order approving Page's candidacy. Sutton filed her notice of appeal to this court the next day.[2] The case was fully

---

[1]The 27th District is comprised of all or parts of Arlington Heights, Barrington, Des Plaines, Hoffman Estates, Inverness, Mount Prospect, Prospect Heights and South Barrington in Illinois.

[2]A copy of the notice of appeal was not filed as part of the appellant's appendix on appeal as required by supreme court rules. Additionally, the Table of Contents/Abstract of the four volumes of the record on appeal are misidentified as the appellant did not correctly refer to the correct page numbers for the location of court documents. The granting of an expedited appeal does not excuse compliance with the supreme court rules governing the filing of briefs.

briefed on September 25, 2012 when Sutton filed her reply brief.[3] This opinion represents the court's reasoning for its October 11, 2012 order, affirming Page's right to appear on the ballot.

¶ 3    No candidate sought the Democratic nomination for state senator of the 27th District during the March 2012 primary election. Because no Democratic candidate sought the nomination, an appropriate political committee wishing to slate a candidate was required to designate a candidate for the November 6, 2012 general election. The Democratic committee for the 27th District was composed of the following members from the five townships whose votes are weighted according to the number of Democratic voters in their township, as follows: (1) William Powers, Barrington Township, 0.55%; (2) Christine Cegelis, Elk Grove Township, 18.38%; (3) Laura Murphy, Maine Township, 2.10%; (4) Sue Walton, Palatine Township, 33.14%; and (5) Kathleen Sances, Wheeling Township, 45.84%.

¶ 4    A committee meeting was held May 12, 2012, and Page was nominated to fill the vacancy to be the Democratic nominee to run in the general election. On June 4, 2012, Page filed his nominating papers with the Board by following the procedures in section 8-17 of the Illinois Election Code. 10 ILCS 5/8-17 (West 2010). After Page filed his nominating papers, objections were filed to his candidacy by Beatrice Sutton, a registered voter in the 27th District. After a full evidentiary hearing, the Board issued its decision on August 24, 2012, overruling all objections made by Sutton. Sutton's petition for judicial review of the Board's decision with the circuit court concluded with the circuit court affirming the Board's decision on August 30, 2012. In this appeal, Sutton persists in claiming improper notice was given to members of the committee of the May 12, 2012 meeting where the committee intended to propose Page's candidacy, as well as improper proxy voting involving committee members. Sutton also argues that the committee's failure to file a "Statement of Organization" with the Board prior to nominating Page renders its action in nominating Page invalid.

¶ 5    I. Notice to the Committee Members of the
May 12, 2012 Nominating Meeting

¶ 6    The Board held a hearing on the facts surrounding notice to the members of the committee that a meeting would be held on May 12, 2012 to vote on the nomination of a democratic candidate for the Senate seat from the 27th District. It received evidence and heard testimony. The Board found that some notice was provided to all committee members. Based on committeewoman Cegelis' own testimony at the Board hearing, the Board found that she was, in fact, notified. Sutton challenged whether committeewoman Murphy was notified by providing an online directory that showed an e-mail address that was different from the one used to notify Murphy. The Board correctly held that this was merely evidence that Murphy had a possible second e-mail address, not that notice given via another e-mail address was not effective. Finally, the Board found committeeman Powers was duly notified

---

[3]Only the candidate, David R. Page, participated in the appellate briefing. The other appellees, by letter dated October 11, 2012, indicated no brief would be filed on their behalf.

via a voicemail left for him by the political director for Senate President Cullerton's political committee who testified he called Powers to discuss the slating process to fill the 27th District's Democratic vacancy. These are all factual findings that this court will reverse only if they are against the manifest weight of the evidence. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 210 (2008). We have reviewed the hearing transcript and record and find that the Board's factual findings that all committee members received notice are fully supported and not against the manifest weight of the evidence.

¶ 7       Sutton next argues that even though notice may have been given, the notice given was inadequate. While there is no provision in the Election Code that mandates that notice be given to political committee members prior to a nomination to fill a vacancy on a ballot, the appellate court has invalidated the action of a political committee when it was found that one member did not receive any notice, at all, of the committee's proceedings. *Graham v. State Officers Electoral Board*, 269 Ill. App. 3d 609 (1995). The supreme court had initially ordered the candidate's name placed on the ballot (*Graham v. State Officers Electoral Board*, 157 Ill. 2d 500 (1994) (table)) but then withdrew its order after the candidate was defeated in the election. On remand, the appellate court stated that "while the manner and method of notice prescribed by the Code may be directory, the giving of some notice to interested parties is mandatory." *Graham*, 269 Ill. App. 3d at 612. In the instant case, notice to the committee members was given. Sutton argues that the notice provided to two of the three committee members had technical shortcomings in the content and method they were given notice. This goes directly against case precedent. First, the *Graham* court, while holding that some notice is mandatory, also concluded that "the manner and method of notice" is directory. *Graham*, 269 Ill. App. 3d at 612. Our supreme court has held that failure to comply with a directory provision of the Election Code will not invalidate a nomination. *People ex rel. Meyer v. Kerner*, 35 Ill. 2d 33, 39 (1966).

¶ 8       In the instant case, the Board factually found that all committee members were notified about designating a candidate to fill the Democratic vacancy. We hold that the committee's action in taking a vote wherein Page was nominated to fill the Democratic vacancy is valid as the notice given to the committee members substantially complied with what case precedent has held to be necessary regarding notice. *Siegel v. Lake County Officers Electoral Board*, 385 Ill. App. 3d 452, 461 (2008) (example of practical application of the doctrine of substantial compliance). There are no statutory mandates regarding notice, and although there is case precedent that some notice is to be provided, there is no instruction either as to content or method of the notice that would serve as the minimum requirements of what would constitute "adequate" notice. We are satisfied that the committee members were all notified about designating a Democratic candidate to fill the vacancy in nomination.

¶ 9       The Board, in its August 24, 2012 decision correctly observed :

"The question emerges of what the standard is that the notice should have to meet. The language of *Graham*–the case usually cited as authority–indicates the standard is easily met. *Graham v. State Officers Electoral Board*, 269 Ill. App. 3d 609 (4th Dist. 1995). This case repeatedly uses language like 'some form of notice,' 'any notice' (both at 612) and 'the withholding of notice' (at 613), which suggests that the quality or

-4-

content of the notice is not paramount, but that basic notice–simple, direct and non-technical–will suffice. Using that standard as out [*sic*] guideline, we find that [Sutton's] complaints about the adequacy of the form of the notice *** cannot succeed." Objections of Sutton, No. 2012 COEB SS01, at 7 (Cook County Officers Electoral Board, Aug. 24, 2012).

¶ 10      No committee member stepped forward to complain that inadequate notice prevented any member from exercising his or her Democratic committee responsibilities. It is Sutton, a voter in the district, who complains. A township committee member holds a political party position. In this case, the committee is aligned with the Democratic party. Each committee member represents only the Democratic voters in his or her portion of the district. 10 ILCS 5/8-5 (West 2010). Each committee member casts a weighted vote for his or her portion of the district based on the number of Democratic primary ballots cast at the most recent primary election. We do not believe that it would be in the interests of the Democratic voters of the 27th District to void the vote taken by the committee to nominate Page and remove him as Democratic candidate from the ballot. Sutton argues that the decision of the Board resulted "in the disenfranchisement of the 54 votes [committeeman Powers] represents and a violation of their rights under the 'free and equal' clause of the Illinois Constitution." If this court were to remove Page from the November 2012 general election ballot, as Sutton requests, there would be no Democratic candidate for the 27th District. This would result in the disenfranchisement of every voter who wished to vote for a Democrat. Illinois public policy has long favored competitive elections and access to the ballot. *Lucas v. Lakin*, 175 Ill. 2d 166, 176 (1997). We are not in favor of whittling away at this policy by elevating form over substance.

¶ 11                       II. Proxy Voting by a Committee Member

¶ 12      In this case, we are dealing with a political body, not a public, governmental body. The right of political parties to make nominations for an office is not enumerated in the Constitution, but a political privilege. The legislature may choose to regulate the political privilege, but "in the absence of such regulation[, the privilege] is exercised in accordance with the will of the members of the political party concerned, as that will is expressed through the rules, customs, conventions, or caucuses of such political organizations." *People ex rel. Kell v. Kramer*, 328 Ill. 512, 519 (1928).

¶ 13      The Board has on previous occasion held that members of a political committee, such as the Democratic committee of the 27th District, that is designated by the Election Code to fill vacancies by committee nomination may vote by proxy. Objections of Barton, No. 12-EB-RES-08 (Electoral Board, July 10, 2012). Specifically, the Board held that "the Election Code is silent regarding the methods of voting to be employed by representative and legislative committees in filling vacancies in nomination *** and in the absence of an express prohibition, the use of proxy voting in such proceedings is not prohibited nor is it inconsistent with the powers such committees and officers have." *Id*. at 3. In the instant case, committeewoman Sances designated committeeman Nesvacil as her proxy for purposes of the May 12, 2012 committee meeting. Ms. Sances was present at the meeting, but was acting

as the notary for the resulting resolution to fill the nomination vacancy and the nominated candidate's statement of candidacy. Sutton argues that because the proxy vote cast by Nesvacil for Sances is not authorized, the proxy vote should not count. If the proxy vote does not count, Sutton states that the total number of votes received by Page was less than a majority of the weighted votes which, she argues, invalidates Page's nomination. However, Sutton's position is against Board precedent. As recently as September 20, 2012, the Board has held that where "the Candidate received the vote of a majority of those present, he would win the nomination even if the total number of votes received was less than a majority of the weighted vote." Objections of Harney, No. 12-EB-RES-14, at 11 (Electoral Board, Sept. 20, 2012). Page was properly designated as the Democratic nominee and candidate for the November 6, 2012 election because he received all the votes cast. No other Democratic candidate was nominated, suggested, or volunteered. Under this scenario, it is impossible for Page to lose the nomination as the Democratic candidate where he received all of the votes that were cast. Sutton asks us to invalidate the committee vote because a committeewoman present at the nomination meeting was needed to serve in the capacity of notary and, therefore, gave her proxy to another present committeeman. To not follow Board precedent would be to deny one of the two major political parties in the State of Illinois the ability to offer voters a choice for the Senate seat in the 27th District. Ballot access is a substantial right and not to be lightly denied. *Cunningham v. Schaeflein*, 2012 IL App (1st) 120529, ¶ 42 (citing *Welch v. Johnson*, 147 Ill. 2d 40, 56 (1992)). We should always tread cautiously when asked to restrict voters' right to endorse and nominate the candidate of their choice. *Lucas v. Lakin*, 175 Ill. 2d 166, 176 (1997).

¶ 14                      III. The Committee's Filing of an Organizational Document

¶ 15    Lastly, Sutton argues that the actions of the committee in nominating Page should be declared invalid because the committee did not timely file a "Statement of Organization." Sutton does not cite any authority for her argument that a political committee's failure to file a "Statement of Organization" with the State Board of Elections (State Board) before nominating a candidate renders the candidates's nomination and ability to run invalid.

¶ 16    The matter of the committee filing a "Statement of Organization" is governed by section 8-5 of the Election Code, which states, in pertinent part, that "[i]mmediately upon completion of organization, the chairman shall forward to the State Board of Elections the names and addresses of the chairman and secretary of the committee." 10 ILCS 5/8-5 (West 2010). Because section 8-5 provides any legislative committee 180 days to organize, which is the only statutory deadline, the Board found that the committee's August 21, 2012 filing of its "Statement of Organization" was within that 180-day period and overruled Sutton's objection and request to invalidate the committee's nomination of Page. Sutton persists on appeal that because the statute uses the word "immediately" when referring to the time frame for the committee to file a "Statement of Organization," the committee's May 12, 2012 action should be deemed invalid because the committee's certificate was not filed until August 21, 2012. We believe the statutory term, as used in this context, is not mandatory, but merely directory. The main reason for our conclusion that the term is not mandatory is because the statute provides for no sanctions of any sort against the committee for failing to

forward the statement to the Board "immediately."

> "[S]tatutes are mandatory if the intent of the legislature dictates a particular consequence for failure to comply with the provision. *Pullen v. Mulligan*, 138 Ill. 2d 21, 46 (1990). In the absence of such intent the statute is directory and no particular consequence flows from noncompliance. *** A directory reading acknowledges only that no specific consequence is triggered by the failure to comply with the statute. *Carr v. Board of Education of Homewood-Flossmoor Community High School District No. 233*, 14 Ill. 2d 40, 44 (1958) ***." *People v. Delvillar*, 235 Ill. 2d 507, 514-15 (2009).

¶ 17　Our supreme court further explained the difference between a mandatory and directory provision as follows:

> "[W]e presume that language issuing a procedural command to a government official indicates an intent that the statute is directory. *Robinson*, 217 Ill. 2d at 58. This presumption is overcome under either of two conditions. A provision is mandatory under this dichotomy when there is negative language prohibiting further action in the case of noncompliance or when the right the provision is designed to protect would generally be injured under a directory reading. *Robinson*, 217 Ill. 2d at 58." *People v. Delvillar*, 235 Ill. 2d 507, 517 (2009).

¶ 18　Neither of the two conditions described by the supreme court in the above-quoted passage is present in this case. We refuse to read a sanction into the statute, especially one so severe as invalidating the committee's nominating actions for an upcoming election. This was a ministerial act that was complied with by the committee on August 21, 2012. The statutory use of the term "*forward* to the State Board of Elections" (emphasis added) rather than the more formal term of "*file with* the State Board of Elections" supports our conclusion that this was considered a ministerial, less important act to be carried out by the committee. 10 ILCS 5/8-5 (West 2010). The statement was forwarded within 180 days of the election as required by section 8-5 of the Election Code, and there is no sensible argument that the committee's failure to forward it sooner somehow jeopardized the integrity of the election process. It is important to note that the committee possessed only the power to approve a political candidate to qualify to run for election through the petition-gathering process. *Wisnasky-Bettorf v. Pierce*, 2012 IL 111253. It is the candidate's responsibility after the committee's approval to file his appropriate nominating papers at this stage of the election process.

¶ 19　　　　　　　　　　　　　　　　　IV. CONCLUSION

¶ 20　For all the forgoing reasons, this court entered its order dated October 11, 2012 affirming the decision of the Board and the circuit court in this case.

¶ 21　Affirmed.