2025 IL App (1st) 250043

FIFTH DIVISION
February 13, 2025

No. 1-25-0043

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | |
|---|---|
| MICHAEL PATRICK MALONEY; CYNTHIA "CINDY" O'BOYLE; MELISSA SANFILIPPO; ERIC L. SCHMIDT;  MATTHEW F. WALSH; THE MUNICIPAL OFFICERS ELECTORAL BOARD FOR THE VILLAGE OF TINLEY PARK; WILLIAM A. BRENNAN, PAUL KARKULA, AND MATHIAS DELORT, as Members of the Municipal Officers Electoral Board for the Village of Tinley Park; MONICA GORDON as Cook County Clerk; and ANNETTE PARKER, Will County Clerk, | Appeal from the Circuit Court of Cook County.<br><br>No. 24 COEL 25<br><br>Honorable<br>John J. Tully, Jr.,<br>Judge presiding. |
| Plaintiffs-Appellees, | |
| v. | |
| TIMOTHY E. JANECYK and JAMES R. GREEN, | |
| Defendants-Appellants. | |

_____

JUSTICE NAVARRO delivered the judgment of the court, with opinion.
Presiding Justice Mikva and Justice Mitchell concurred in the judgment and opinion.

**OPINION**

¶ 1     The candidates—Michael Patrick Maloney, Cynthia "Cindy" O'Boyle, Matthew F. Walsh,

Melissa Sanfilippo, and Eric L. Schmidt (collectively, Candidates)—appeal from the circuit court

of Cook County's reversal of the decision by the Municipal Officers Electoral Board for the Village of Tinley Park (Electoral Board) to invalidate the Candidates' nomination petitions and remove their names from the ballot for the April 1, 2025, consolidated election. On appeal, Timothy Janecyk and James Green (Objectors) contend that the Candidates' names should be removed from the ballot due to the inclusion of six American flags in the banner at the top of the nomination petitions. For the following reasons, we reverse the Electoral Board's decision invalidating the Candidates' nomination petitions and removing their names from the ballot and affirm the circuit court.

¶ 2                                    I. BACKGROUND

¶ 3      On November 25, 2024, the Objectors filed a petition with the Electoral Board challenging the validity of the Candidates' nomination petitions. They argued that the petitions were legally and factually insufficient and that the Candidates' names should not be printed on the ballot for the April 1, 2025, consolidated general election. The Objectors stated that the Candidates had submitted nomination petitions jointly upon a slate petition seeking to form a new political party known as the "Tinley Together Party" and sought the offices of mayor, clerk, and three trustees of the Village of Tinley Park. Each candidate's signature petition sheets contained the same pre-printed heading that included a banner with images of an American flag on the top of each sheet.

**PETITION FOR ELECTION**

We, the undersigned, being duly qualified and registered voters of the **Village of Tinley Park, State of Illinois**, do hereby declare that it is our intention to form a new political party in the political division aforesaid, to be known and designated as the **TINLEY TOGETHER PARTY**, and do hereby PETITION that the following named persons shall be candidates of said party for election to the offices hereinafter specified, for full terms, in the **Village of Tinley Park, Counties of Cook & Will, State of Illinois**, to be voted for at the Consolidated Election to be held **April 1, 2025**.

| CANDIDATE NAME | RESIDENCE ADDRESS | OFFICE | PARTY |
|---|---|---|---|
| MICHAEL PATRICK MALONEY | 17705 Harper Road, Tinley Park, IL 60487 | Mayor | TINLEY TOGETHER |
| CYNTHIA "CINDY" O'BOYLE | 8937 Linden Drive., Tinley Park, IL 60487 | Village Clerk | TINLEY TOGETHER |
| MATTHEW F. WALSH | 16338 Ridgeland Ave., Tinley Park, IL 60477 | Village Trustee | TINLEY TOGETHER |
| MELISSA SANFILIPPO | 16728 Tinley Park Dr., Tinley Park, IL 60477 | Village Trustee | TINLEY TOGETHER |
| ERIC L. SCHMIDT | 7501 Hanover Drive, Tinley Park, IL 60487 | Village Trustee | TINLEY TOGETHER |

| SIGNATURE OF QUALIFIED VOTER | PRINTED NAME | VOTER RESIDENCE ADDRESS | VILLAGE, COUNTY, STATE |
|---|---|---|---|

¶ 4     The Objectors argued that the flags conveyed additional information, in violation of the Election Code (10 ILCS 5/10-4, 10-5 (West 2022)), in that the Candidates were "more American than other candidates *** and were affiliated with and/or supporters of the Republican party." The Objectors argued that the use of the six-flag banner on the nomination petition sheets was "specifically to sway voters and create an advantage over other candidates."

¶ 5     The Candidates filed a motion to dismiss the Objectors' petition, arguing that "[n]othing in Section 10-4 [of the Election Code] prohibits the display or use of the six US flags on Candidates' Petition Sheets."

¶ 6     A hearing was held before the Electoral Board on December 9, 2024. The Electoral Board, in a written order, disagreed with the Candidates, stating:

> "Section 10-4 specifies that candidates' nominating petitions must contain information as to the candidate's name, address, political party, the office sought, and such 'other information' that is 'required' to make the petition valid. In this case, the flag images are not information required to make the petitions valid, and the nominating petitions therefore do not comply with Section 10-4 of the Election Code."

¶ 7     Electoral Board Member Delort dissented, citing the reasons he had given on the record at the hearing, including that no electoral board in Illinois had ever removed a candidate from the ballot "for something like this." He pointed out that the cases cited by the Objectors were focused on designations within the candidates' names. In looking at the statute, Board Member Delort stated that the flags were "used as a decorative motif," and not "in connection with" the names of the Candidates.

¶ 8 The Candidates petitioned the circuit court of Cook County for judicial review of the Electoral Board's decision, arguing that their nomination petitions complied with the Election Code. Following briefing, the circuit court entered a written order reversing the finding of the Electoral Board. The court found that the statutory language in section 10-4 of the Election Code (*id.* § 10-4), was clear and unambiguous and that the legislature was perfectly capable of including an exclusionary provision in section 10-4 but did not. The court stated that the Election Code's restriction on political slogans is confined to the candidates' names. It found that the Candidates' petitions complied with the requirements of the Election Code and that the Electoral Board's ruling to the contrary created an exclusionary rule where none exists.

¶ 9 The Objectors now appeal.

¶ 10 II. ANALYSIS

¶ 11 On appeal, the Objectors contend that the Election Code does not authorize the addition of banners or images on nomination petitions shown to voters and prohibits political and other messaging, and therefore Candidates' names should not be allowed to appear on the April 1, 2025, ballot.

¶ 12 In an appeal from a judicial review action challenging an election board's decision, we review the decision of the election board, not the decision of the circuit court. *Sims v. Municipal Officers Electoral Board for the Village of Riverdale*, 2021 IL App (1st) 210168, ¶ 9. The applicable standard of review in reviewing an election board's decision depends upon whether the question presented is one of fact, one of law, or a mixed question of fact and law. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 210 (2008). An election board's decision on a question of law is not binding on a reviewing court, and we review the board's

conclusions as to matters of law *de novo*. *Sims*, 2021 IL App (1st) 210168, ¶ 9. Because this appeal presents a question of law, we review the Electoral Board's decision *de novo*.

¶ 13    "When determining how the Election Code should be construed, we employ the same basic principles of statutory construction applicable to statutes generally." *Jackson-Hicks v. East St. Louis Board of Election Commissioners*, 2015 IL 118929, ¶ 21. The primary objective of statutory construction is to ascertain and give effect to the legislature's intent, and the most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning. *Maksym v. Board of Election Commissioners of Chicago*, 242 Ill. 2d 303, 318 (2011). Where the statutory language is clear and unambiguous, we will enforce it as written and will not read into it exceptions, conditions, or limitations that the legislature did not express. *Sigcho-Lopez v. Illinois State Board of Elections*, 2022 IL 127253, ¶ 27.

¶ 14    In construing a statute, a court must not focus exclusively on a single sentence or phrase but must view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation. *Standard Mutual Insurance Co. v. Lay*, 2013 IL 114617, ¶ 26. "Each word, clause[,] and sentence of a statute must be given reasonable meaning, if possible, and should not be rendered superfluous." *Id.* A court presumes that the legislature did not intend absurd, inconvenient, or unjust results. *Sigcho-Lopez*, 2022 IL 127253, ¶ 28. Finally, where reasonably possible, we construe election statutes in favor of ballot access, not denial. *McCaskill v. Municipal Officers Electoral Board for City of Harvey*, 2019 IL App (1st) 190190, ¶ 15.

¶ 15    Section 10-4 of the Election Code governs the form of nomination petitions and states in pertinent part:

"All petitions for nomination under this Article 10 for candidates for public office

in this State, shall in addition to other requirements provided by law, be as follows:

5

Such petitions shall consist of sheets of uniform size and each sheet shall contain, above the space for signature, an appropriate heading, giving the information as to name of candidate or candidates in whose behalf such petition is signed; the office; the party; the place of residence; and such other information or wording as required to make same valid, and the heading of each sheet shall be the same." 10 ILCS 5/10-4 (West 2022).

¶ 16    Objectors contend that this section does not authorize a candidate to "take liberties" or "decorate" a petition with images. They argue that Candidates cannot put additional information on the official format for signature petitions and that all candidates should provide the same information to voters on petition sheets. The Candidates, however, counter that the "decorative banner" was not tied to anyone's name, office, or any other requirement of the Election Code and that they should not be denied access to the ballot when the Code did not prohibit the banner in question.

¶ 17    Looking at the plain language of the statute, we find that it is clear and unambiguous, and thus, we will not read into it exceptions, conditions, or limitations that the legislature did not express. *Sigcho-Lopez*, 2022 IL 127253, ¶ 27. There is simply nothing in the language suggesting that an image cannot appear in the heading of the petition. While it states what "shall" be included in the heading, it does not exclude additional information or images. We reject the argument that, because the flags are not "necessary to make the petition valid," they are prohibited. This court has repeatedly rejected the use of this residual clause as a basis for inventing new requirements for nominations petitions that are not set forth in the statute. See *Wiggins v. Rogers*, 2019 IL App (1st) 190161, ¶ 22. While we understand the concerns raised by the Objectors regarding images in the banner at the top of the nomination petitions, we cannot look further than the plain language of the

statute when it is unambiguous. If section 10-4 of the Election Code was meant to be an exclusive or exhaustive list of information, it would have to be amended to convey that intention.

¶ 18 Objectors further contend that the six flags in the banner at the top of the nomination petitions are "in connection with" the Candidates' surnames, in violation of section 10-5.1 of the Election Code. Section 10-5.1 of the Election Code states:

> "In the designation of the name of a candidate on a certificate of nomination or nomination papers the candidate's given name or names, initial or initials, a nickname by which the candidate is commonly known, or a combination thereof, may be used in addition to the candidate's surname. *** No other designation such as a political slogan, title, *** degree or professional status, or similar information may be used in connection with the candidate's surname." 10 ILCS 5/10-5.1 (West 2022).

¶ 19 Objectors contend that "the entire signature petition" is in connection with the Candidates' surnames, and therefore, because the flags constitute "other designations," they are prohibited. Objectors rely on *Jones v. Municipal Officers Electoral Board*, 112 Ill. App. 3d 926 (1983), and *Rita v. Mayden*, 364 Ill. App. 3d 913 (2006), to support this proposition.

¶ 20 In *Jones*, the candidate identified himself as "Reverend Elias J. Jones," on his nomination papers. 112 Ill. App. 3d at 927. The court found that it was possible that a voter seeing the title "Reverend" on a nominating petition "would be induced to sign that petition on the strength of that title, whether or not he was familiar with the candidate's abilities." *Id.* at 931. The court further found that the nomination papers were "tainted" and that the only remedy was to remove the candidate's name from the ballot. *Id.*

¶ 21 Similarly in *Rita*, the candidate listed his name on his nominating petition as "Michael E. Mayden (The Coach)." 364 Ill. App. 3d at913, 915. The court found that, like "Reverend," the designation "The Coach," "meant to communicate information about either the candidate's profession or some other type of special status in the community to those individuals who sign the candidate's nominating petitions." *Id.* at 921. The court found that "The Coach" was not merely a nickname because it did more than "merely identify him in the way that a name or common nickname does." *Id.* Rather, it "is a title meant to communicate information about Mayden's volunteer work and his special status in the community." *Id.*

¶ 22 However, a banner at the top of the nomination petitions containing American flags is not akin to the situations in *Jones* and *Rita*, where designations were made within a candidate's name and, therefore, in connection with that candidate's surname. Here, the American flags did not appear within any of the Candidate's names. There is nothing in the Election Code prohibiting images in the banner at the top of the nomination petitions, and we cannot read into the governing statute exclusions that do not exist. We again note that if the legislature had a different intent in drafting section 10-5.1 of the Election Code, it would have to be amended to reflect that intention.

¶ 23 We find this case to be more akin to *Morton v. State Officers Electoral Board*, 327 Ill. App. 3d 1140 (2002) (table) (unpublished order under Illinois Supreme Court Rule 23), wherein a judicial candidate put, on the reverse side of numerous petition pages, her photograph and biography. The Electoral Board was unable to sustain or deny an objection to the candidate's nominating papers because a majority vote of the Board could not be gained, as the vote was four to four. The legal effect of the Board's inability to render a decision was that the objection was not sustained, and the candidate was allowed to be on the ballot. *Id.* On appeal, without supporting the practice of printing electioneering material on the reverse side of a nominating petition, the Fourth

8

District Appellate Court concluded in a Rule 23 order that "the Board's interpretation of what constitutes a 'petition' for purpose of legal effect is correct." *Id.* Similarly here, the petition did not violate the Election Code by incorporating pictures of the American flag in the banner at the top of the nomination petitions.

¶ 24 Additionally, the Election Code does not deem the symbol commonly found on petition sheets printed by a union printer to be prohibited, even though it is not explicitly permitted. To find that only those requirements explicitly listed in section 10-5.1 of the Election Code are permitted on the nominating petitions would yield an absurd result. See *Sigcho-Lopez*, 2022 IL 127253, ¶ 28 (a court presumes that the legislature did not intend absurd, inconvenient, or unjust results).

¶ 25 Finally, we note that ballot access "is a substantial right and not to be lightly denied." *Sutton v. Cook County Officers Electoral Board*, 2012 IL App (1st) 122528, ¶ 13. "We should always tread cautiously when asked to restrict voters' right to endorse and nominate the candidate of their choice." *Id.* (citing *Lucas v. Lakin*, 175 Ill. 2d 166, 176 (1997)). With these principles in mind, we find that the Candidates' nominating petitions complied with the Election Code, and therefore, we reverse the Electoral Board's decision invalidating the nomination petitions and striking the Candidates from the ballot.

¶ 26                                     III. CONCLUSION

¶ 27 For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed and the decision of the Electoral Board is reversed.

¶ 28 Circuit Court judgment affirmed.

¶ 29 Election Board decision reversed.

9

*Maloney v. Janecyk*, 2025 IL App (1st) 250043

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 24-COEL-25; the Hon. John J. Tully Jr., Judge, presiding. |
| **Attorneys for Appellant:** | Andrew Finko, of Chicago, for appellants. |
| **Attorneys for Appellee:** | Burton S. Odelson, Ross D. Secler, and Jayman A. Avery III, of Odelson, Murphey, Frazier, & McGrath, Ltd., of Evergreen Park, and Steven M. Laduzinsky, of Laduzinsky & Associates, P.C., of Chicago, for appellees Michael Patrick Maloney, Cynthia "Cindy" O'Boyle, Melissa Sanfilippo, Eric L. Schmidt, and Matthew F. Walsh. |
| | Michael J. Kasper, of Chicago, for appellee Municipal Officers Electoral Board for the Village of Tinley Park, William A. Brennan, Paul Karkula, and Mathias Delort. |
| | No brief filed for other appellees. |